IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RICHARD W. GILLINGHAM, <br><br> Petitioner, <br><br> vs. <br><br> STATE OF MONTANA, <br><br> Respondent. | Cause No. CV 20-74-M-DLC <br><br><br> ORDER |

On May 27, 2020, the Court received from Mr. Gillingham two documents titled "Demand to Be Freed." Gillingham submitted these documents to personnel at Montana State Prison on two separate days, but each was scanned and delivered to the Court on May 27, 2020. On May 28, 2020, the Court received a third document, and on June 1, a fourth. These documents are identical in substance. Each contends Gillingham is entitled to release because the State's reason for imprisoning him is unsound.

When the clerk received the first of these "demands," Gillingham had no pending action in this Court. Because Gillingham seeks release from custody and is a prisoner of the State of Montana, the clerk opened a new case and filed each demand as a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Gillingham claims there was no "probation order" against him. It seems

1

very likely there was, but it does not matter. As this Court has advised Gillingham many times, he seeks release from custody that is predicated on a judgment of a state court. Throughout all of the actions he has filed in this Court, his custody has rested on one judgment. The basis of his custody has not changed since the last time he filed in March 2020. It has not changed since the first time he filed in 2006.

Most importantly, the basis of Gillingham's custody has not changed since the time he filed in 2012. At that time, Gillingham filed a habeas petition alleging that he "was neither convicted nor sentenced but merely agreed to 'voluntarily' leave the United States and never return under any condition." Pet. (Doc. 1) at 1, *Gillingham v. Kirkegard*, No. CV 12-162-M-DLC-JCL (D. Mont. Sept. 21, 2012). The Court required the State to prove Gillingham had been convicted. The State responded by filing a copy of the criminal judgment constituting Gillingham's conviction of several crimes. The Court then denied Gillingham's petition because it lacked merit. *See* Notice of Filing (Doc. 10); State Judgment (Doc. 10-1); Order (Doc. 17), *Gillingham v. Kirkegard*, No. CV 12-162-M-DLC-JCL (D. Mont. judgment entered Mar. 19, 2013).[1]

---

[1] Belatedly, Gillingham also challenged the sufficiency of the evidence justifying revocation and the legitimacy of the terms of the order setting the conditions of his probation. *See* Pet. (Doc. 19-2), *Gillingham*, No. CV 12-162-M (D. Mont. Apr. 3, 2013). He did not claim the probation order, whose terms and validity he challenged, did not exist.

2

Since 2012, Gillingham has filed petitions alleging one or another reason he should be released.[2] But because his custody is based on the same judgment as always, any attack on that judgment will fail in this Court for lack of jurisdiction. *See* 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

If no revocation judgment existed, the outcome might be different. The Court takes judicial notice that a revocation judgment exists. *See, e.g.*, *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); Fed. R. Evid. 201(b). It is attached to this Order. Both the original criminal judgment and the revocation judgment are presumed valid. This Court has no authority to hear challenges to the validity of either judgment unless and until Gillingham obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition in this Court.

In future, the Court and the clerk will disregard all submissions from Gillingham except those accompanied by full payment of the $5.00 filing fee or a complete motion to proceed in forma pauperis.

A certificate of appealability is denied as no reasonable jurist could find that

---

[2] *See Gillingham v. Montana*, No. CV 20-31-M-DLC (D. Mont. Mar. 13, 2020); *Gillingham v. Montana*, No. CV 19-182-M-DLC-KLD (D. Mont. Nov. 13, 2019); *Gillingham v. Guyer*, No. CV 19-04-M-DLC-JCL (D. Mont. Jan. 3, 2019); *Gillingham v. Kirkegard*, No. CV 14-212-M-DLC-JCL (D. Mont. Aug. 22, 2014); *Gillingham v. Kirkegard*, No. CV 13-77-M-DWM (D. Mont. Apr. 18, 2013); *Gillingham v. Kirkegard*, No. CV 12-162-M-DLC-JCL (D. Mont. Sept. 21, 2012); *Gillingham v. District Court Judge Harkin*, No. CV 06-16-DWM-LBE (D. Mont. Feb. 15, 2006).

Gillingham's submissions are anything other than unauthorized successive petitions. *See Burton*, 549 U.S. at 149.

Accordingly, IT IS ORDERED:

1. The clerk will attach to this Order a copy of the criminal judgment (Doc. 10-1 in Cause No. CV 12-162-M-DLC-JCL) and the revocation judgment underlying Gillingham's current custody and serve them on Gillingham with this Order.

2. Although Gillingham neither paid the $5.00 filing fee nor moved to proceed in forma pauperis, on this occasion, the Court GRANTS forma pauperis status based on his previous submissions.

3. Gillingham's demands are DISMISSED for lack of jurisdiction.

4. All further submissions from Gillingham seeking release from custody will be disregarded unless accompanied by either the full $5.00 filing fee or a complete motion to proceed in forma pauperis.

5. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Gillingham files a notice of appeal.

DATED this 3rd day of June, 2020.

_____
Dana L. Christensen, District Judge
United States District Court